UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:         -CV-

MADELINE RIVERA,

    Plaintiff,

v.

AT & T, Inc.

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, MADELINE RIVERA, (hereafter "Plaintiff), by and through undersigned counsel, hereby files this Complaint and sues Defendant, AT & T, Inc., (hereafter "Defendant"), and in support thereof states as follows:

### JURISDICTION, PARTIES AND VENUE

1. This is an action by the Plaintiff for damages exceeding the jurisdictional limits of this Court excluding attorney's fees or cost for damages pursuant to 28 U.S.C. Sections 1331 and 1343, in as much as the matter is in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq., and Section 760.10 of the Florida Statutes to redress injury done to the Plaintiff by the Defendant for discriminatory treatment on the basis of gender, found on Plaintiff's complaints of discrimination in the workplace.

2. Plaintiff is a resident of Miami-Dade County, Florida, and Defendant is situated in Miami-Dade County, Florida within the jurisdiction of this Honorable Court.

3. Defendant is a Florida Corporation doing business in Miami-Dade County, Florida

4. Defendant is a "person" and/or an "employer" pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq., since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.

5. Defendant is a "person" within the purview of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

6. At all times material hereto Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

7. At all times hereto, Plaintiff was an "employee" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

8. Plaintiff is a female former employee of the Defendant and is a member of a class of persons protected from discrimination in her employment.

9. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency which is responsible for investigating claims of employment discrimination.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

11. On or about December 30, 2003, Plaintiff began her employment with the Defendant as a customer service representative in Puerto Rico.

12. On or about July of 2016, Plaintiff was hired as retail manager by Frank Gonzalez to work in Miami, Florida.

13. On or about February 2018, Plaintiff began working for Defendant at the store located at 7711 SW 40th Street, Miami, Florida 33155 as an assistant manager.

14. During her time of employment as an assistant manager with the Defendant, Plaintiff was verbally and emotionally harassed by Maria Rodriguez, Plaintiff's immediate supervisor.

15. Plaintiff's supervisor, Maria Rodriguez, had a preference for male employees.

16. Maria Rodriguez told Plaintiff on numerous occasions that she felt more comfortable working with a male assistant manager than a woman such as Plaintiff.

17. On numerous occasions, Ms. Rodriguez would intervene and embarrass Plaintiff when Plaintiff was trying to resolve customers' issues.

18. On or about June of 2018, Ms. Rodriguez began looking for another assistant manager. Ms. Rodriguez only interviewed males.

19. On or about June of 2018, Ms. Rodriguez hired a man named Moises.

20. Despite Plaintiff and Moises both being assistant managers, Ms. Rodriguez did not evenly distribute their job duties.

21. Ms. Rodriguez showed Moises preferential treatment by not assigning him closing shifts, work on holidays, or work on weekends. Plaintiff also had to work closing shifts, holidays and weekends.

22. Ms. Rodriguez once stated, " I work better with men than with women. I never had a problem with Moises."

23. Additionally, Ms. Rodriguez would criticize Plaintiff's wardrobe.

24. Ms. Rodriguez would tell Plaintiff that her blouse or shirt was too tight and that her breasts would pop out of her shirt. Ms. Rodriguez's comments made Plaintiff feel uncomfortable.

25. Ms. Rodriguez did not criticize the wardrobe of Defendant's male employees.

26. On or about October of 2018, Plaintiff was placed on a CAP, a plan to better improve the store, due to store performance.

27. Moises, despite also being an assistant manager, was not placed on a CAP.

28. Plaintiff met her CAP, yet she was placed on a PIP plan. A PIP plan is given when an employee does not meet CAP requirements.

29. Moises was not given a CAP nor a PIP plan.

30. Plaintiff met her CAP requirements and PIP requirements.

31. Defendant is supposed to assist employees in reaching their CAP or PIP goals, yet Plaintiff was not assisted in anyway by Ms. Rodriguez.

32. Plaintiff was observed during her CAP and PIP by Ms. Rodriguez.

33. On or about January 14, 2019, Ms. Rodriguez told Plaintiff that Plaintiff's work was not good enough and that she knew what had to be the next step had to be for Plaintiff.

34. Thereafter, Plaintiff sent an email to Efren Favela, store director, explaining how Plaintiff had been harassed by Maria Rodriguez since Plaintiff began at the store and requested a transfer to another store in Orlando.

35. Plaintiff was told by Mr. Favela that an investigation would take place, but Defendant did not take any action.

36. On or about February 4, 2019, Plaintiff completed her PIP and asked Ms. Rodriguez about any resolution. Ms. Rodriguez replied that it had been sent to Human Resources and Human Resources would have a final decision.

37. Male employees were not subject to harassment by Defendant.

38. Plaintiff was at a disadvantage from her male employees.

39. On or about February 15, 2019, Plaintiff was terminated by Defendant.

40. Plaintiff was qualified for her job as an assistant manager. Plaintiff met all her sales and goals.

41. Plaintiff was replaced by two male assistant managers, Javier Nunez and Hansel Concepcion.

42. On or about April 2, 2019, Plaintiff filed a complaint with the Florida Commission on Human Relations.

43. On or about March 4, 2020, the U.S. Equal Employment Opportunity Commission issued a "Notice of Suit Rights" to Plaintiff.

44. Plaintiff has suffered damages from the conduct of Maria Rodriguez, the Defendant, and their agents.

## COUNT I
## SEX/GENDER DISCRIMINATION UNDER TITLE VII

45. Plaintiff reasserts her allegations in paragraph 1-44 as fully set forth herein.

46. Section 2000e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

    "(1) It shall be an unlawful employment practice for an employer:

    (a) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

47. Title VII accordingly prohibits discrimination based on sex.

48. The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's sex/gender, which male individuals were not and would not have been subjected, in violation of Title VII.

49. Defendant's alleged basis for its adverse conduct against the Plaintiff and Plaintiff's termination are pre-textual and asserted only to cover up the discriminatory nature of its conduct.

50. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors for Defendant's adverse conduct toward Plaintiff and Plaintiff's termination.

51. As a result of the sexually harassing conduct to which the Plaintiff was subject and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

52. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

53. Plaintiff further seeks her attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and costs as a result of Defendant's conduct in violation of Title VII.

## COUNT II
## SEX/GENDER DISCRIMINATION UNDER FCRA

54. Plaintiff reasserts her allegations in paragraphs 1-44 as fully set forth herein.

55. Section 760.10 of the FCRA states in relevant part

> (1) It is an unlawful employment practice for an employer:
>> (a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

56. The FCRA accordingly prohibits discrimination based on sex.

57. The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's sex/gender, which female individuals were not and would not have been subjected, in violation of the FCRA.

58. Defendant's alleged bases for its adverse conduct against the Plaintiff and Plaintiff's termination are pre-textual and asserted only to cover up the discriminatory nature of its conduct.

59. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors of Defendant's adverse conduct toward Plaintiff and Plaintiff's termination.

60. As a result of the sexually harassing conduct to which the Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to

experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, interest, lost benefits, and compensatory damages.

61. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

62. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff prays for the entry of a judgment against Defendant and an award of economic damages in the form of back pay and front pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and costs as a result of Defendant's conduct in violation of the FCRA.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury

Respectfully submitted

GALLARDO LAWOFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088

By: _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223